■ NEW YORK FOUNDATION FOR SENIOR CITIZENS, INC., et al., Respondents, v NORMAN MACTAS ACKERMAN, Appellant. [869 NYS2d 341]

Respondent knowingly and expressly accepted a stipulation settling petitioners' claims and his counterclaims. This stipulation, which fully resolved issues as to the validity of the fees allegedly unpaid by respondent and the contentions underlying his counterclaims, called for him to apply for a grant from a government agency and seek to relocate. After a hearing at which respondent was allowed to cross-examine petitioners' sworn witness while offering his own unsworn fact testimony and the comments of his family, it was properly determined that he had not fulfilled his obligations under the stipulation. Concur—Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ.

■ PATRICK DIRENNA, Respondent, v PAUL P. CHRISTENSEN, Appellant. [869 NYS2d 505]

Plaintiff subtenant's action is time-barred since the first overcharge alleged by him occurred in April 2003 and this action was not commenced until September 2007 (see Mozes v Shanaman, 21 AD3d 854 [2005], lv denied 6 NY3d 715 [2006]; CPLR 213-a). Plaintiff may not avoid the applicable four-year statute of limitations by amending his complaint to withdraw his claim for earlier months of rent overcharge (see e.g. Reddington v Staten Is. Univ. Hosp., 11 NY3d 80, 87-88 [2008]; Bones v Prudential Fin., Inc., 54 AD3d 589 [2008]). Concur—Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ.