Orders, Supreme Court, New York County (Joan M. Kenney, J.), entered October 16, 2012 and October 17, 2012, which, inter alia, granted plaintiffs’ motion for summary judgment and denied defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff Julie Conason signed a rent-stabilized lease commencing in November 2003 for apartment 3 in defendant landlord Megan Holding’s building at a monthly rent of $1,800, and signed renewal leases in 2005 and 2007 at rents of $1,899 and $1,955.97, respectively. Although the lease was for a rent-stabilized apartment, there was no rent-stabilized rider attached to it.
In December 2003, after plaintiffs had commenced occupancy, Megan registered the apartment with the New York State Division of Housing and Community Renewal (DHCR). The registration showed that the monthly rent for the previous tenant, Oki Suzuki, was $1,000 per month, and the monthly rent paid by the tenant preceding Suzuki was $475.24. In 2009, Megan brought a nonpayment summary proceeding against plaintiffs in Civil Court. Plaintiffs’ answer alleged harassment, breach of the warranty of habitability, and rent overcharges, and sought attorneys’ fees pursuant to Real Property Law § 234.
After trial,[1] the court found that Megan had fraudulently listed Suzuki, a nonexistent tenant, as the prior occupant, and claimed nonexistent improvements to the apartment to inflate the rent. The court also found that the base rent for the rent overcharge claim was affected by the fraud. However, the court dismissed the rent overcharge claim without prejudice because plaintiffs had not proved the amount of the legal regulated rent; *725 they failed to submit evidence of the rent for any other apartment in the building on the base date. The court awarded plaintiffs judgment for an abatement on their breach of the warranty of habitability claim, and, after a further hearing, attorneys’ fees by separate judgment.
In June 2011, plaintiffs commenced this action against Megan and its principal, Ku, in Supreme Court to recover the rent overcharges, treble damages pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2526.1 (a) (1), and attorneys’ fees pursuant to the lease, Real Property Law § 234, Rent Stabilization Law (RSL) (Administrative Code of City of NY) § 26-516 (a) (4), and RSC § 2526.1 (d). Plaintiffs alleged that defendants had falsely registered the apartment as occupied by fictitious tenant Suzuki. They further alleged that Ku was liable because he had abused the corporate form by intermingling the assets of his numerous companies, including Megan, with his personal assets. Plaintiffs then moved for summary judgment based on the collateral estoppel effect of the factual finding of Civil Court that defendants had committed fraud. They submitted a copy of the certified DHCR rent roll to show, for overcharge calculations, the lowest rent charged for a rent-stabilized apartment with the same number of rooms in the same building as the subject apartment, which was $180.92. As to Ku’s liability, plaintiffs submitted evidence to show that Ku used his numerous LLCs interchangeably, listed the subject building as solely owned by him, and did in fact own 99% of it, had sold the building from one of his other LLCs to Megan for nominal consideration, and used the building as collateral for a mortgage loan to both Megan and another LLC.
Defendants cross-moved for summary judgment dismissing the complaint on the ground that the rent overcharge claim accrued from the first overcharge in 2003 and was thus barred by the four-year statute of limitations (CPLR 213-a).
We are not persuaded that plaintiffs’ overcharge claim is barred by the four-year statute of limitations. As we noted in Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin. (68 AD3d 29, 32 [2009], affd 15 NY3d 358, 366 [2010] [citation omitted]), “while the applicable four-year statute of limitations reflects a legislative policy to ‘alleviate the burden on honest landlords to retain rent records indefinitely,’ and thus precludes us from using any rental history prior to the base date, where there is fraud . . . , the lease is rendered void,” and the legal rent is to be determined by the default formula (see also Thornton v Baron, 5 NY3d 175, 180-181 [2005]). We went on to note that “[sanctioning the owner’s *726 behavior on a statute of limitations ground ‘can result in a future tenant having to pay more than the legal stabilized rent for a unit, a prospect which militates in favor of voiding agreements such as this in order to prevent abuse and promote enforcement of lawful regulated rents’ ” (Matter of Grimm, 68 AD3d at 32, quoting Drucker v Mauro, 30 AD3d 37, 40 [2006], appeal dismissed 7 NY3d 844 [2006]; see also Thornton, 5 NY3d at 181 [“an unscrupulous landlord . . . could register a wholly fictitious, exorbitant rent and, as long as the fraud is not discovered for four years, render that rent unchallengeable”]). We thus hold that the four-year statute of limitations is not a bar in a rent overcharge claim where there is significant evidence of fraud on the record (cf. Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off of Rent Admin., 15 NY3d 358 [2010]).[2]
Supreme Court correctly found that defendants were collaterally estopped from arguing that no fraud existed (Matter of Ahady, 22 AD3d 71, 83-84 [1st Dept 2005]) since “Megan was represented by counsel during most of the trial, was afforded the opportunity to acquire new counsel when its lawyer withdrew for ethical reasons, failed to obtain successor counsel, declined to present a defense, submitted a post-trial brief, and failed to appeal the determination.” Supreme Court also properly determined the base rent based on the default formula (see Grimm, 15 NY3d at 366), and deferred the determination of the amount of the overcharge for a hearing.
The court properly pierced the corporate veil (James v Loran Realty V Corp., 20 NY3d 918 [2012]). There is evidence that Ku abandoned the corporate form. For instance, in a loan application Ku claimed 16 LLC properties, including the subject building, as his own property. There is also evidence of the habitual transfer of funds to and from Ku’s individual account, which indicates the intermingling of funds. Ku also used personal funds for Megan expenditures and used Megan funds for expenditures by other LLCs. There is also evidence that, through Megan, Ku fraudulently set a rent for plaintiffs’ apartment and that plaintiffs were financially injured thereby (Matter of Morris v New York State Dept, of Taxation & Fin., 82 NY2d 135, 141 [1993]).
Supreme Court properly awarded treble damages and attorneys’ fees. Defendants failed to prove by a preponderance of *727 the evidence that the rent overcharge was not willful (see 9 NYCRR 2506.1 [a] [13). Nor were they able to show that respondents are not entitled to an award of attorneys’ fees pursuant to Real Property Law § 234, RSL § 26-516 (a) (4) and RSC § 2526.1. Concur — Acosta, J.P, Renwick, Richter and Feinman, JJ. [Prior Case History: 2012 NY Slip Op 32625(U).]

. Completion of the trial was delayed by the withdrawal of Megan’s counsel and Megan’s failure to retain new counsel during a seven-week adjournment for that purpose. Although Megan’s principal, defendant Ku, testified as the tenants’ witness, Megan rested without presenting any evidence on its own behalf; new counsel submitted a posttrial memorandum on its behalf.

. To the extent that Direnna v Christensen (57 AD3d 408 [1st Dept 2008]), decided two years before Grimm, is inconsistent with our ruling today we choose not to follow it inasmuch as there was no evidence of fraud on the record in Direnna.